UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-668-DOC (KK) | Date: | June 25, 2018 |
| Title: | *James Barclay v. City of Santa Ana, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Re: Entry of Default

On February 21, 2018, Plaintiff James Barclay ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed his Second Amended Complaint ("SAC"). ECF Docket No. ("Dkt.") 70. On April 9, 2018, after screening the SAC, the Court ordered service by the United States Marshal Service ("USMS") on defendants Michael Martell, the United States of America, and City of Santa Ana. Dkts. 76, 77.

On May 18, 2018, the Court received a Process Receipt and Return Form for defendant City of Santa Ana from the USMS certifying that service was executed on the City of Santa Ana on May 7, 2018. Dkt. 84. Therefore, a response to the SAC from defendant City of Santa Ana was due on or before May 28, 2018. See Fed. R. Civ. P. 12(a)(1).

Defendant City of Santa Ana has failed to respond to the SAC. The failure of a party to defend against an action can be grounds for entry of judgment against that party. Federal Rule of Civil Procedure 55 provides a "two-step process for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks omitted). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." Id. "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Id. A defendant's default

does not automatically entitle the plaintiff to a court-ordered judgment.  See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986).  Rather, granting or denying relief is entirely within the court's discretion.  See id.

Entry of default—the first of these two steps—is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a) (emphasis added).

Accordingly, **on or before July 16, 2018**, Plaintiff is ORDERED to file a request for entry of default or show good cause in writing, if any exists, why Plaintiff has not proceeded to seek an entry of default in this action as to defendant City of Santa Ana pursuant to Rule 55(a).  Plaintiff is forewarned that, if he fails to show cause, request entry of default, or otherwise respond to this Court's Order, the Court will construe such unresponsiveness as evidence of Plaintiff's lack of prosecution of this action, and that such lack of prosecution will constitute a basis to dismiss defendant City of Santa Ana from this action.

Alternatively, Plaintiff may request a voluntarily dismissal of the action against defendant City of Santa Ana without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.

**The Court warns Plaintiff that the Court will deem his failure to timely file a response to this Order as consent to the dismissal of defendant City of Santa Ana from this action without prejudice.**

**IT IS SO ORDERED.**